IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENAN COLE, et al.. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-22-44-R |
| | ) |
| AMC WEST HOUSING, LP | ) |
| A foreign limited partnership, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 15) filed by Defendants AMC West Military Housing and Balfour Beatty Communities. Plaintiffs responded in opposition to the motion. (Doc. No. 25) and Defendants filed a Reply in support of their position. (Doc. No. 26). Upon consideration of the parties' submissions, the Court finds as follows.

Defendants' motion first argued that this action should be dismissed in favor of a 2019 action filed by Plaintiffs Brenan and Rachel Cole, which remained pending at the time they initiated this lawsuit in the District Court of Oklahoma County in September 2021. Prior to the filing of the Motion to Dismiss the Coles dismissed Case No. CJ-2019-3048, and therefore Defendants' argument that the Court should abstain from consideration of this case, as to the Coles, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), is moot.

Defendants next argue that certain of the Coles' claims are time-barred, specifically their claims under the Oklahoma Consumer Protection Act and the Oklahoma Residential

Landlord Tenant Act, as well as their intentional infliction of emotional distress claims. Plaintiffs argue that the Oklahoma Savings Statute, Okla. Stat. tit. 12 § 100 permits these claims to proceed because they refiled this action within one year of the dismissal without prejudice of their 2019 action. Defendant disagrees that these new claims, which were not part of the 2019 action, can be considered timely. Plaintiffs alternatively argue they are entitled to equitable tolling of the statute of limitations period for those claims, because certain evidence was unavailable to them as a result of a criminal investigation into Defendants' activities.

> Okla. Stat. tit. 12, § 100, known as the Savings Statute, provides:
>
> [i]f any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Pursuant to § 100, "where an action is timely commenced and dismissed without prejudice upon plaintiff's motion prior to trial on the merits but after the statute of limitations has run, plaintiff may commence a new action within a year after such dismissal." *Powers v. Atchison, Topeka & Santa Fe Ry. Co.*, 392 P.2d 744, 746 (Okla. 1964).

By their motion Defendants seek to limit the Coles' current claims to the claims contained in their now-abandoned 2019 lawsuit. The Oklahoma Court of Civil Appeals, in *West v. Jane Phillips Mem. Med. Ctr.*, 404 P.3d 896 (Okla. Civ. App. 2017), rejected a defense argument that new theories of recovery pled in a "saved" action were barred by the statute of limitations because they "'constituted a distinct cause of action or a separate claim' than what was pled in the [earlier] lawsuit. . . . That is simply not the law in

2

Oklahoma" *Id.* at 903-04 (quoting *Chandler v. Denton*, 741 P.2d 855, 862-63 (Okla. Civ. App. 1987)).

> Oklahoma jurisprudence uses the transactional approach for its definition of a "cause of action." The operative event that underlies a party's claim delineates the parameters of his cause of action. This conceptual approach ensures that litigants will be able to assert different theories of liability without violating the purposes of the statute of limitations. That statute is designed to ensure that a party has notice of a claim against him within a statutory period of time and an adequate opportunity to prepare his case before potential evidence is lost or becomes stale. The wrongful act analysis of a "cause of action" does not conflict with the purpose of statutory limitations. . . . [A] plaintiff must allege the operative events upon which he relies for his theories of recovery within the time period prescribed by the applicable statute.

*Chandler v. Denton*, 741 P.2d 855, 862-63 (Okla. 1987)(footnotes and original paragraph structure omitted). A review of the current Amended Complaint and the original 2019 Petition as it relates to the Coles reveals that the Coles' claims in both suits are premised on the same basic set of operative facts, that Defendants failed to maintain and remediate the rental property at Tinker Air Force Base occupied by the Coles from August 2017 until August 2018, and further that upon the Coles' termination of the lease Defendant Balfour Beatty manufactured charges to levy against the Coles for alleged damage to the property and ultimately reported the couple to a collection agency despite their decision to dispute the charges.

Because the facts upon which Plaintiffs rely in their Amended Petition are the same as those in the 2019 Petition, under Oklahoma's transactional approach, the new claims are subject to the savings statute and not barred by the statute of limitations. Therefore, the Motion to Dismiss is DENIED.

IT IS SO ORDERED this 9th day of March 2022.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE