UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) BRENAN COLE,<br>2) RACHEL COLE,<br>3) AUSTIN HODGE, and<br>4) HANNAH HODGE,<br><br>       Plaintiffs,<br><br>vs.<br><br>1) AMC WEST HOUSING, LP, a foreign limited partnership;<br>2) BALFOUR BEATTY COMMUNITIES, a foreign limited liability company;<br>3) STEAMMART LLC, an Oklahoma limited liability company;<br>4) GREGG PETERSON CONSTRUCTION GROUP LLC, an Oklahoma limited liability company;<br>5) RICK CUNEFARE; and<br>6) CC-1-CC-10 UNIDICTED CO-CONSPIRATORS IN USA v. RICK CUNEFARE 21-CR-319-EGS,<br><br>       Defendants. | Case No.: CIV-2022-044-R<br><br>(District Court of Oklahoma County, Case No. CJ-2021-3723) |

**DEFENDANTS AMC WEST HOUSING, LP'S
AND BALFOUR BEATTY COMMUNITIES LLC'S REPLY BRIEF IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO
THE CLAIMS OF PLAINTIFFS BRENAN AND RACHEL COLE**

94589681.1

Defendants AMC West Housing, LP ("AMC") and Balfour Beatty Communities, LLC ("BBC") (collectively, the "Defendants"), submit this reply brief in support of their pending Motion for Summary Judgment against Plaintiffs Brenan Cole and Rachel Cole pursuant to Federal Rule of Civil Procedure 56(c) ("Motion"). [*See* ECF No. 59].

## INTRODUCTION

Plaintiffs Brenan and Rachel Cole ("Coles" or "Plaintiffs") brought this action related to the home at Tinker Air Force Base ("Base") they rented from August 2017 through August 2018, which was managed, operated, and maintained by Defendants. Defendants moved for summary judgment as to all of Plaintiffs' claims, establishing that there is no genuine dispute as to any material fact because: (1) Plaintiffs' statutory claims are barred by the Federal Enclave Doctrine; (2) Plaintiffs have not provided evidence supporting essential elements of their claims; and (3) Plaintiffs cannot link any alleged wrongful act to Plaintiffs by Defendants to some recoverable damages.

In opposition to this Motion, Plaintiffs make general, vague assertions, unsupported by any evidence or legal authority. Instead, Plaintiffs attempt to avoid summary judgment by providing "Additional Facts" pertaining to BBC's acceptance of a plea in a criminal matter ("Plea Agreement") which neither involved Plaintiffs nor has any relevancy to the claims asserted in this matter. Because Plaintiffs failed to point to or provide any evidence of specific facts in

94589681.1   1

support of their claims or legal authority, the Court should grant Defendants' Motion for Summary Judgment as to all of Plaintiffs' claims.

## ARGUMENT

The Coles' claims can be separated into three general categories: (1) the State Law Claims (Second and Fifth Claims for Relief); (2) the Tort Claims (First, Sixth, Fourth and Seventh Claims for Relief); and (3) the Contract Claim (Third Claim for Relief). All claims fail as a matter of law.

### I. **Plaintiffs' State Law Claims are Barred by the Federal Enclave Doctrine.**

The law is clear: state statutes enacted or changed after the formation of a federal enclave will not apply within the geographic boundaries of the enclave. *Paul v. United States*, 371 U.S. 245, 264 (1963); *see also Allison v. Boeing Laser Tech. Servs.*, 268, 1237 (10th Cir. 2012). Recently, the United States District Court for the Western District of Texas, San Antonio Division, applied this established principle to similarly situated plaintiffs who brought claims pertaining to military housing at Randolph Air Force Base. *Michael J Daniels, et al., v. AETC II Privatized Housing, LLC, et at.,* Case No. 5-19-cv-01280-RBF, Doc 350, (Jan. 18, 2023). Under the Federal Enclave Doctrine, the *Daniels* Court ordered the dismissal of plaintiffs' statutory claims, common law claims for implied warranty and negligent misrepresentation, damages for

personal injury under the lease, and damages for mental distress and attorney's fees. *Id*. This Court should do the same.

Here, Plaintiffs' Second and Fifth Claims for Relief are brought under the Oklahoma Consumer Protection Act ("OCPA") and the Oklahoma Residential Landlord Tenant Act ("ORLTA"). In their response to this Motion, Plaintiffs admit the Base is a federal enclave and that the OCPA and ORLTA were enacted after the enclave was established. [ECF 83, p. 2 ¶¶ 1-9]. Because Plaintiffs' OCPA and ORLTA claims arise from alleged actions which took place on the Base, which is a federal enclave, after the enclave was established, but before these statutes were enacted, both claims must be dismissed under the Federal Enclave Doctrine. [*See* ECF 59, pp. 15-16].

To avoid the effect of the Federal Enclave Doctrine, Plaintiffs argue they should now be allowed to bring a common law claim for wrongful constructive eviction. Plaintiffs present no legal argument as to why they should be allowed to assert a new claim at this late date, and fail to cite any legal authority that would allow them to do so. The time for amending the pleadings has long passed. Thus, Plaintiffs' untimely request to reform their cause of action must be denied.

## II. Plaintiffs' Tort and Contract Claims Fail as a Matter of Law Because Plaintiffs cannot Prove Essential Elements

### A. Plaintiffs' Negligence Claims (First Claim for Relief)

94589681.1  3

There is no authority that Defendants owed Plaintiffs a duty to provide a "wind-free, flood-free, bug-free, vermin-free house" as Plaintiffs allege. [ECF 83, p. 2], Instead, the duties are set forth in the Lease which provides that: "Landlord acknowledges the responsibility to provide the Resident Premises that are in a habitable condition" and "[t]he Landlord shall make a diligent effort to repair or remedy a condition at the Residence if the Resident specifies the condition in a written notice to Landlord." [ECF 59, Ex. 11 ¶ 11, 20]. Without dispute, Defendants complied with those obligations each time Plaintiffs submitted a service request.

Plaintiffs argue Defendants breached a duty to provide a habitable residence simply because Defendants hired "$15/hour maintenance techs" who had "100 houses to maintain each." [ECF 83, p. 9]. Plaintiffs failed to provide any evidence as to which repairs were allegedly negligently performed. Plaintiffs also failed to provide any evidence that the Residence was uninhabitable. Instead, with the exception of one maintenance request regarding a clogged bathtub, all maintenance requests submitted by Plaintiffs were addressed by Defendants [ECF 83, pp. 4-5, ¶¶44-48].

Accordingly, Plaintiffs failed to provide any evidence that Defendants were negligent in their duties owed to Plaintiffs independent of the Lease. The uncontroverted evidence establishes Defendants fulfilled their obligations owed to Plaintiffs and, therefore, Summary Judgment is appropriate.

94589681.1  4

### B. Plaintiffs' Breach of Fiduciary Duty Claim (Sixth Claim for Relief)

Next, Plaintiffs argue Defendants owed a fiduciary duty to them due to the existence of a special relationship of vulnerability because (1) they had no choice but to live in housing managed by BBC; and (2) BBC took the Basic Allowance for Housing ("BAH") payments directly from the Government, depriving them the ability to withhold or offset rent to make repairs. [ECF 83, p. 10]. Plaintiffs cite no authority for this assertion or any authority disputing the case law cited by Defendants in support of this Motion. Further, a landlord-tenant relationship does not create a fiduciary duty. [*See* ECF 59, p. 20]

These claims are not only unsubstantiated, but entirely incorrect based upon the evidence. First, as Plaintiffs admit in their responsive pleading, Servicemembers can choose to live on or off base, but often opt for on-base housing because of convenience and affordability. [ECF 83, p. 10] Second, Brenan authorized the BAH to be directed to AMC for the monthly rent payment for the Residence when he executed the Lease. [ECF 59, Ex. 11, ¶2.b.] Most importantly, the Lease expressly provides that "[i]f the Landlord fails to repair or remedy [a] condition . . . Resident may cause the repairs to be done in a workmanlike manner and, after submitting to the Landlord ***an itemized statement, deduct from Rent the actual and reasonable cost or the fair and reasonable value of the work*** . . ." [ECF 59, Ex. 11, ¶ 20 (emphasis

94589681.1 5

added)]. Plaintiffs could have sought deduction from their rent for any repairs that they undertook if Defendants failed to do the same and never did.

As such, the evidence establishes Plaintiffs had the choice of to live on the Base, Brenan authorized the BAH payments to be directed to AMC, and they could have sought a deduction from their rent for any amounts paid on repairs. Plaintiffs failed to provide specific evidence supporting a heightened duty of care. Therefore, Summary Judgment remains appropriate for this claim.

## C. Plaintiffs' Constructive Fraud Claim (Fourth Claim for Relief)

Plaintiffs argue the Residence's condition was concealed from them, constituting the alleged fraud. Plaintiffs do not identify any condition in the Residence that Defendants failed to disclose. Further, Plaintiffs offer no authority that there was a legal duty to disclose some unidentifiable condition in the Residence beyond what is required as a matter of law.

However, it is undisputed that Brenan had the opportunity to inspect the Residence prior to executing the Lease. [Ex. 59-10, B. Cole Tr. 13:3-27:18]. Plaintiffs attempt to argue that the inspections conducted were not at the level necessary for Brenan to discover defects in the Residence. This assertion is, once again, made without any supporting evidence. Instead, it remains undisputed that Brenan identified areas in the Residence that he believed

needed maintenance or repair, all of which were addressed and remedied by Defendants. [ECF 83, pp. 4-5].

Plaintiffs' attempt to premise a fraud claim on the Plea Agreement referenced in their "Additional Facts"[1] is merely a smoke-and-mirrors tactic to divert the Court's attention from the undisputed, material facts of the present case, which demonstrate Plaintiffs' constructive fraud claim fails as a matter of law. Plaintiffs have not, and cannot, offer any evidence tying the Plea Agreement, or any statement made therein, to their Residence or Defendants' actions toward them; which is what is at issue in this case.

### D. Plaintiffs' Intentional Infliction of Emotional Distress Claim (Seventh Claim for Relief)

Without citing any legal authority, Plaintiffs argue that "[a] reasonable jury could find that threatening [S]ervicemembers' security clearances in order to force them to take out a high-interest loan to pay off debt is an outrageous act." [ECF 83, p. 12] However, the evidence shows Brenan suffered no career setbacks as a result of Defendants' attempt to recover monies owed [B. Cole Depo at 90:20-91:5], which Defendants admittedly never collected [*Id.* at 205:22-206:6]. Additionally, Brenan's credit report reflects zero collection

---

[1] In response to Plaintiffs' "Additional Facts", Defendants do not contest that BBC entered into the Plea Agreement and that Plea Agreement speaks for itself. [*See* ECF 83, pp. 6-7, ¶¶ 1-4]. Defendants dispute the remaining in Plaintiffs' "Additional Facts" which are not material to this matter. [*See id.*, pp. 7-8, ¶¶ 5-12].

actions by Defendants and, instead, he has an excellent rating. [Ex. 59-10, B. Cole Tr. 205:22-208:8]. Plaintiffs offered no support for their assertion that the debt collection appeared on Brenan's credit report for a short period of time. [*See* ECF 83, p. 6, ¶ 73]

In short, Plaintiffs failed to provide any evidence of extreme or outrageous conduct by Defendants, or prove they suffered from any emotional distress, let alone severe emotional distress as required to support a claim for intentional infliction of emotional distress. Defendants are entitled to summary judgment as to Plaintiffs' seventh claim for relief.

### E. Plaintiffs' Declaratory Judgment Claim (Third Claim for Relief)

The undisputed facts establish Defendants fulfilled all duties and responsibilities set forth in the Lease. Plaintiffs admit Defendants commenced and completed repairs for all conditions for which Plaintiffs provided notice. [Ex. 59-14, R. Cole Tr. 160:21-187:1] Plaintiffs identified a single issue they remedied themselves, a clogged drain. *Id.* Plaintiffs' generalized claims about dangerous or unhabitable conditions at the Residence are admittedly based on pure speculation. [Ex. 59-10, B. Cole Tr. 128:25-130:19; *see also* B. Cole Tr. 119:23-120:4, 132:10-15, 160:9-161:7; Ex. 59-14, R. Cole Tr. 160:12-17].

### F. **Plaintiffs Cannot Demonstrate They Can Recover Damages**

Plaintiffs fail to identify any causal link between an alleged breach and alleged damages. Plaintiffs concede the only damages they are seeking are property damages. [ECF 83, p. 11]. However, Plaintiffs did not make and have not provided an itemized list of items that were allegedly sold, given away or disposed of and the value of any such property remains pure speculation.

Further, Plaintiffs do not contest that they are unable to recover emotional type damages for a breach of contract claim or unintentional tort claims. Likely, Plaintiffs recognize that such recovery is not permitted as noted in *Coble v. Bowers*, 1990 OK CIV APP 109, ¶ 19, 809 P.2d 69, 73 (Okla. Ct. App. 1990) (internal citations omitted).

Plaintiffs' "Additional Facts" of alleged bad acts and harm to others do not give rise to any actual damage to Plaintiffs. Plaintiffs offer no authority to support this claim. Instead, the focus must be on the harm and damages Plaintiffs sustained, which, as demonstrated, does not exist.

Further, Plaintiffs cannot recover damages (emotional or property) for simply worrying about what could happen or may have happened solely because they lived in the Residence absent a physical injury. *See Griffen v. City of Oklahoma City*, 1993 U.S. App. LEXIS 20518 **3-4 (10th Cir.); *Dodge v. Cotter*, 203 F.3d 1190 (10th Cir. 2000). Here, Plaintiffs admit they have not suffered any physical injuries and they do not challenge Defendants' expert report by Dr. Clarke establishing the same.

Finally, Plaintiffs have offered no evidence to support the recovery of punitive damages which is an essential requirement. Again, Plaintiffs' "Additional Facts" relating to possible harm to others or alleged bad acts by Defendants do not give rise to punitive damages for Plaintiffs. [*See* ECF 59, pp. 28-29]. More importantly, and once again, Plaintiffs offer no authority to support this proposition.

## CONCLUSION

Plaintiffs failed to respond to Defendants' Motion with any specific admissible evidence in support of the essential elements of their claims, including without limitation, damages. Instead, undisputed factual evidence weighs in favor of Defendants. As a result, Defendants' Motion for Summary Judgment should be granted and Plaintiffs' claims should be dismissed in full with prejudice.

*s/ W. Brett Willis*
W. Brett Willis, OBA #15168
JENNINGS | TEAGUE, P.C.
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK 73102
Telephone:  (405) 609-6000
Facsimile:  (405) 609-6501
E-mail:  bwillis@jenningsteague.com

&

Richard G. Morgan
Carli D. Pearson
Tina A. Syring-Petrocchi
Matthew A. Beyer
Alyssa M. Goehring
LEWIS BRISBOIS BISGAARD &
SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: 612.428.5000
Facsimile: 612.428.5001
**ATTORNEY FOR DEFENDANTS AMC WEST HOUSING, LP AND BALFOUR BEATTY COMMUNITIES, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of May 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following ECF registrants:

Caleb M. Salmon, OBA #32272
Aizenman Law Group
5800 East Skelly Drive, Suite 575
Tulsa, Oklahoma  74135
E-mail:  caleb@aizenmanlaw.com
**ATTORNEYS FOR PLAINTIFFS**

  *s/ W. Brett Willis*
W. Brett Willis

94589681.1   11